**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SALVADOR LIMA** and **JORGE MEJIA**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **JONMAROS FOOD CORP. (d/b/a MOHEGAN DINER)**, **ABC CORPORATION (d/b/a CARMEL DINER)**, **JOHN ARGYROS**, **MARIA ARGYROS**, and **JOHN DOES 1-5**, <br><br> Defendants. | **Docket No.: 7:17-cv-617** <br><br> **COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND** |

## COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs SALVADOR LIMA and JORGE MEJIA, by and through their attorneys, THE JTB LAW GROUP, LLC, as and for their Complaint against Defendants JONMAROS FOOD CORP. (d/b/a MOHEGAN DINER), ABC CORPORATION (actual name unknown; d/b/a CARMEL DINER), and JOHN ARGYROS, MARIA ARGYROS, and JOHN DOES 1-5, (collectively, the "Individual Defendants"), allege of their own knowledge as to their conduct and observations, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      This collective/class action arises out of the persistent and willful failure of Defendants JONMAROS FOOD CORP. (d/b/a MOHEGAN DINER), ABC CORPORATION (d/b/a CARMEL DINER), and JOHN ARGYROS, MARIA ARGYROS, and JOHN DOES 1-5 to properly compensate Plaintiffs SALVADOR LIMA and JORGE MEJIA, former employees of

Defendants, and all other similarly situated persons who are or were employed by Defendants at the Mohegan Diner and the Carmel Diner (collectively, the "Diners") during the timeframes applicable under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Wage and Hour Laws, N.Y. Labor Law Article 6 §§ 190 *et seq.,* Article 19 §§ 650 *et seq.,* ("NYLL") and related sections of the New York Codes, Rules, and Regulations ("NYCRR").

2.    Plaintiffs worked at the Mohegan Diner.

3.    Defendants violated the FLSA and the NYLL by:

   a.  not paying employees at least the statutory minimum wage for all hours worked;

   b.  not paying employees time-and-a-half for hours worked in excess of forty each week;

   c.  not paying employees one additional hour of pay at the basic minimum hourly rate on those days when their spread of hours exceeded ten;

   d.  not providing employees, within ten business days of the commencement of their employment, a written notice, in English and Spanish, containing the information enumerated in NYLL § 195(1)(a); and

   e.  not providing employees, with every payment of wages, accurate statements listing the dates of work covered by that payment of wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, the number of overtime hours worked; their gross wages;  and the other information required under NYLL § 195.3.

4.    By reason of Defendants' persistent and willful violations of the FLSA and the NYLL, employees were and are illegally underpaid for their work.

5.    Plaintiffs bring this action to recover monetary damages, liquidated damages, interest and costs, including reasonable attorney's fees and expenses, as a result of Defendants' willful violation of the FLSA and NYLL.

6.    Plaintiffs also assert FLSA claims pursuant to 29 U.S.C. § 216(b) on behalf of other similarly situated employees of Defendants who were and are affected by Defendants'

policy of failing to pay their employees at least the statutory minimum wage, and failing to pay their employees appropriate overtime compensation.

7.      Plaintiffs also assert NYLL claims pursuant to Fed. R. Civ. P. 23 on behalf of other similarly situated employees of Defendants who were and are affected by Defendants' policies of failing to pay their employees appropriate minimum wage, overtime and/or "spread of hours" compensation, and failing to provide the notices required under NYLL § 195.

8.      For at least six years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the above-described federal and state wage and hour statutes and regulations, in the manner described herein.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought for violations of the FLSA, a federal statute.

10.     As to the claims under the NYLL, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2), because all or substantially all of the events and omissions that give rise to this claim occurred in this District.

## THE PARTIES

*Plaintiffs*

12.     At all relevant times, Plaintiff Salvador Lima was a resident of Westchester County, State of New York. He currently resides in New Haven County, State of Connecticut.

13.     Plaintiff Lima began working for Defendants sometime in 2007. He was terminated on or about January 11, 2015.

14.     Plaintiff Lima brings these claims as a representative party of a prospective collective of similarly situated individuals under 29 U.S.C. § 216(b) and a similarly situated class under Fed. R. Civ. P. 23 and the NYLL. His written consent to participate in this action, pursuant to 29 U.S.C. § 216(b), is attached hereto as **Exhibit A**.

15.     At all relevant times, Plaintiff Jorge Mejia was a resident of Westchester County, State of New York. He currently resides in Wake County, North Carolina.

16.     Plaintiff Mejia was employed by Defendants from early in 2011 through early February, 2015.

17.     Plaintiff Mejia brings these claims as a representative party of a prospective collective of similarly situated individuals under 29 U.S.C. § 216(b) and a similarly situated class under Fed. R. Civ. P. 23 and the NYLL. His written consent to participate in this action, pursuant to 29 U.S.C. § 216(b), is attached hereto as **Exhibit B**.

18.     The primary language of Plaintiffs Lima and Mejia is Spanish.

*Defendants*

19.     Defendant Jonmaros Food Corp. is a business corporation organized and existing under the laws of the State of New York, with a principal place of business at 1880 East Main Street, Mohegan Lake, NY 10547.

20.     Defendant Jonmaros Food Corp. does business as the Mohegan Diner.

21.     On information and belief, Individual Defendants John Argyros and/or Maria Argyros are owners and/or officers of Defendant Jonmaros Food Corp.

22.     At all relevant times, Individual Defendants John Argyros and/or Maria Argyros possessed operational control over Defendant Jonmaros Food Corp.; possessed ownership interests in Defendant Jonmaros Food Corp.; and/or controlled significant business functions of Defendant Jonmaros Food Corp.

23.     At all relevant times, Individual Defendants John Argyros and/or Maria Argyros had the authority to hire and fire employees of Defendant Defendant Jonmaros Food Corp., including Plaintiffs; determined the wages and compensation of Plaintiffs and other employees of Defendant Jonmaros Food Corp.; established their schedules; and maintained their records.

24.     On information and belief, Defendant ABC Corporation, the actual name of which is presently unknown to Plaintiffs, is a business corporation organized and existing under the laws of the State of New York, with a principal place of business at 63 Gleneida Ave, Carmel, NY 10512.

25.     On information and belief, Defendant ABC Corporation does business as the Carmel Diner.

26.     On information and belief, some or all of the Individual Defendants (John Argyros, Maria Argyros and/or John Does 1-5) are owners and/or officers of Defendant ABC Corporation.

27.     On information and belief, at all relevant times, some or all of the Individual Defendants possessed operational control over Defendant ABC Corporation; possessed ownership interests in Defendant ABC Corporation; and/or controlled significant business functions of Defendant ABC Corporation.

28.     On information and belief, at all relevant times, some or all of the Individual Defendants had the authority to hire and fire employees of Defendant ABC Corporation;

determined the wages and compensation of employees of Defendant ABC Corporation; established their schedules; and maintained their records.

29.     On information and belief, at all relevant times, some or all of Defendants have owned, operated, and/or controlled each of the Diners.

30.     On information and belief, at all relevant times, Defendants, individually and/or jointly, have had annual gross revenues of more than $500,000.

31.     On information and belief, at all relevant times, Defendants have had two or more employees who handle and sell goods or materials, including food and beverage products, that have moved in or been produced for commerce.

32.     Inasmuch as the allegations herein concern violations that occurred at the Diners, whichever persons and/or entities that owned and operated those locations during all relevant time periods – should discovery reveal that it was a different entity than Defendants – are hereby on notice of Plaintiffs' intention to add FLSA and NYLL claims against such Defendants, to be related back to the date on which this Complaint was filed.

## FACTUAL ALLEGATIONS

*Defendants Constitute A Single Integrated Enterprise*
*That Jointly Employed Plaintiffs And All Similarly Situated Individuals*

33.     Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

34.     At all relevant times, the Individual Defendants, acting through the Corporate Defendants, have operated the Diners.

35.     At all relevant times, Defendants' operations have been interrelated and unified.

36.     At all relevant times, the Diners have shared a common management, and have been centrally controlled and/or owned by Defendants.

37.     At all relevant times, Defendants have centrally controlled the labor and employment relations of the Diners.

38.     At all relevant times, Defendants have maintained one central payroll office, and have imposed and enforced common employee guidelines and procedures in both Diners.

39.     At all relevant times, Defendants have maintained control, oversight, and direction over Plaintiffs and all other similarly situated employees at both Diners, including timekeeping, payroll, and other practices and policies that applied to them.

40.     At all relevant times, Defendants have applied the same employment policies, practices, and procedures to all their non-exempt workers at both Diners, including the policies, practices, and procedures complained of herein.

41.     At all relevant times, Defendants have constituted a single integrated enterprise that employed Plaintiffs and all similarly situated individuals.

42.     In the alternative, at all relevant times, Defendants have been associated and joint employers of Plaintiffs and all other similarly situated individuals at both Diners, within the meaning of the FLSA and the NYLL.

43.     At all relevant times, Defendants acted in the interests of each other with regard to their employees, paid their employees by the same methods, and shared control over their employees.

44.     At all relevant times, Defendants have:

   a.   exercised or delegated the authority to hire and fire Plaintiffs and other similarly situated employees;

   b.   supervised and controlled the work schedules of Plaintiffs and other similarly situated employees;

   c.   determined the rate and method of payment for Plaintiffs and other similarly situated employees; and

7

> d. maintained time and payroll records pertaining to Plaintiffs and other similarly situated employees.

*Plaintiff Lima*

45.     Plaintiff Lima began working for Defendants sometime in 2007. He was terminated on or about January 11, 2015.

46.     Defendants never provided Plaintiff Lima a written notice, in English and Spanish, containing the information enumerated in NYLL § 195(1)(a).

47.     Plaintiff Lima worked for Defendants as a cook at the Mohegan Diner.

48.     While employed by Defendants, Plaintiff Lima did not perform any job duties typical of exempt employees.

49.     While employed by Defendants, Plaintiff Lima performed only job duties typical of non-exempt employees.

50.     Plaintiff Lima generally worked six days per week (every day except Wednesdays) for twelve hours per day, for a total of seventy-two hours per week.

51.     During 2010, Plaintiff Lima was paid $500 per week, meaning he was paid at an effective rate of $6.94 per hour for his typical workweek of seventy-two hours. The statutory minimum wage at the time, under both federal and New York law, was $7.25 per hour.

52.     At some point in 2011 a co-worker at the Mohegan Diner complained to the Department of Labor. An investigation ensued and, following that investigation, Defendants temporarily eliminated overtime hours for Plaintiff Lima and most, if not all, of his co-workers.

53.     By 2012 Plaintiff Lima was once again working, on average, seventy-two hours per week – still for $500.

54.     Sometime in 2013 Plaintiff Lima's pay was raised to $550 per week, or an effective rate of $7.64 per hour for his typical workweek of seventy-two hours.

55.     By 2014, Plaintiff Lima was being paid $600 per week, or an effective rate of $8.33 per hour for his typical workweek of seventy-two hours. On December 31, 2014, the New York statutory minimum wage was increased to $8.75 per hour.

56.     Plaintiff Lima's pay remained at $600 per week until he was terminated on or about January 11, 2015.

57.     Except for the brief period in 2011 following the New York Department of Labor's investigation at the Mohegan Diner, Plaintiff Lima worked more than forty hours virtually every week he worked.

58.      He was never paid time-and-a-half for hours he worked in excess of forty in a week, as required under the FLSA and the NYLL.

59.     Plaintiff Lima worked more than ten hours virtually every day that he worked. He was never paid an additional hour's worth of pay at the minimum wage rate, as required under NYCRR § 146-1.6.

60.     Throughout his tenure as Defendants' employee, Plaintiff Lima received part of his pay in a check, and the rest in cash.

61.      For instance, for his work during the week of January 7 - 13, 2015, he was paid by check for 30 hours at $8.75, for a total of $262.50, and was paid an additional $337.50 in cash, for a total of $600 for the week. He worked six twelve-hour days that week, for a total of seventy-two hours for the week.

62.     Because the paystubs Plaintiff Lima received did not reflect Defendants' cash payments to him, those paystubs did not contain and/or misrepresented the information required under NYLL § 195.3.

63.     Defendants knew or should have known that they were obligated under the FLSA and the NYLL to pay Plaintiff Lima time-and-a-half for hours worked in excess of forty each week.

64.     Defendants knew or should have known that they were obligated under the NYLL and the NYCRR to pay Plaintiff Lima at least the New York statutory minimum wage for all hours worked; to pay him time-and-a-half for hours worked in excess of forty each week; and to pay him one additional hour of pay at the basic minimum hourly rate on those days when his spread of hours exceeded ten.

65.     Defendants knew or should have known that they were obligated to provide Plaintiff Lima, with every payment of wages, an accurate statement listing  the dates of work covered by that payment of wages; the regular hourly rate or rates of pay;  the overtime rate or rates of pay;  the number of regular hours worked, the number of overtime hours worked;  his gross wages;  any deductions;  allowances, if any, claimed as part of the minimum wage;  net wages; and the other information required by NYLL § 195.3.

*Plaintiff Mejia*

66.     Plaintiff Mejia began working for Defendants early in 2011. He was terminated early February 2015.

67.     Defendants never provided Plaintiff Mejia a written notice, in English and Spanish, containing the information enumerated in NYLL § 195(1)(a).

68.     Plaintiff Mejia worked for Defendants as a busboy at the Mohegan Diner until sometime in November or December 2014, when he became a waiter.

69.     While employed by Defendants, Plaintiff Mejia did not perform any job duties typical of exempt employees.

70.     While employed by Defendants, Plaintiff Mejia performed only job duties typical of non-exempt employees.

71.     Plaintiff Mejia generally worked six days per week (every day except Tuesdays), for twelve hours per day, for a total of seventy-two hours per week.

72.     For instance, during the period from January 28 – February 2, 2015, Plaintiff Mejia worked six twelve-hour days for a total of seventy-two hours for the workweek.

73.     Each week, Plaintiff Mejia was paid:

   a.   $230 by check;

   b.   an additional $50-$60 in cash; and

   c.   15% of the tips the servers made during his shifts, which ranged from $5 to $15 per shift, or $30 to $90 per week.

74.     Plaintiff Mejia was thus paid between $310 and $380 per week, including his share of the servers' tips, for an effective rate of between $4.43 and $5.28 per hour for his typical seventy-two hour workweek.

75.     Except for the brief period in 2011 following the New York Department of Labor's investigation at the Mohegan Diner, *see supra*, Plaintiff Mejia worked more than forty hours virtually every week he worked.

76.     Plaintiff Mejia was never paid time-and-a-half for hours he worked in excess of forty in a week, as required under the FLSA and the NYLL.

77.     Plaintiff Mejia worked more than ten hours virtually every day that he worked. He was never paid an additional hour's worth of pay at the minimum wage rate, as required under NYCRR § 146-1.6.

78.     Throughout his tenure as Defendants' employee, Plaintiff Mejia received part of his pay in a check, and the rest in cash, as described above.

79.     Because the paystubs Plaintiff Mejia received did not reflect Defendants' cash payments to him, those paystubs did not contain and/or misrepresented the information required under NYLL § 195.3.

80.     Defendants knew or should have known that they were obligated under the FLSA and the NYLL to pay Plaintiff Mejia time-and-a-half for hours worked in excess of forty each week.

81.     Defendants knew or should have known that they were obligated under the NYLL and the NYCRR to pay Plaintiff Mejia at least the New York statutory minimum wage for all hours worked, and to pay him one additional hour of pay at the basic minimum hourly rate on those days when his spread of hours exceeded ten.

82.     Defendants knew or should have known that they were obligated to provide Plaintiff Mejia, with every payment of wages, an accurate statement listing  the dates of work covered by that payment of wages; the regular hourly rate or rates of pay;  the overtime rate or rates of pay;  the number of regular hours worked, the number of overtime hours worked;  his gross wages;  any deductions;  allowances, if any, claimed as part of the minimum wage;  net wages; and the other information required by NYLL § 195.3.

## COLLECTIVE AND CLASS ALLEGATIONS

83.     Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

84.     During the time Plaintiffs were employed by Defendants, other individuals were employed in non-exempt positions at the Diners.

85. Like Plaintiffs, some of these other employees would sometimes work over forty hours per week.

86. Like Plaintiffs, some of these other employees would sometimes work days in which their spread of hours exceeded ten.

87. Plaintiffs and these other employees were not paid time-and-a-half for overtime, nor were they paid spread-of-hours pay.

88. At all relevant times, Plaintiffs and other persons employed by Defendants in non-exempt positions were and are similarly situated, in that they were and are subjected to Defendants' common policies of: failing to pay their employees at least the New York statutory minimum wage, whether with or without the "tip credit," for all hours worked; failing to pay their non-exempt employees time-and-a-half for all hours worked in excess of forty as required under the FLSA and the NYLL; failing to pay their non-exempt employees one additional hour of pay at the basic minimum hourly rate on those days when their spread of hours exceeded ten, as required under the NYLL; failing to provide to their non-exempt employees, within ten business days of the commencement of their respective employments, a written notice containing the information enumerated in NYLL § 195(1)(a); and/or failing to provide to their non-exempt employees, with every payment of wages, written statements containing the information required by NYLL § 195(3).

89. Plaintiffs bring their FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other current and former non-exempt employees of Defendants within the applicable statutory period.

90. The proposed FLSA Collective is defined as:

**All non-managerial employees of JONMAROS FOOD CORP. (d/b/a the MOHEGAN DINER), ABC CORPORATION (d/b/a the CARMEL DINER),**

**JOHN ARGYROS, MARIA ARGYROS, and/or JOHN DOES 1-5 at the Diners at any time within the three years prior to the filing of this Complaint.**

91.     Plaintiffs bring their NYLL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure and the NYLL, on behalf of themselves and all other current and former non-exempt employees of Defendants within the applicable statutory period.

92.     The proposed Rule 23 Class is defined as:

**All non-managerial employees of JONMAROS FOOD CORP. (d/b/a the MOHEGAN DINER), ABC CORPORATION (d/b/a the CARMEL DINER), JOHN ARGYROS, MARIA ARGYROS, and/or JOHN DOES 1-5 at the Diners at any time within the six years prior to the filing of this Complaint.**

93.     This action is properly brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

94.     The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that at least forty class members have worked for Defendants at the Diners during the applicable statutory period without receiving appropriate minimum wage, overtime, and/or spread-of-hours compensation, as required by the NYLL.

95.     This litigation is properly brought as a class action because of the existence of questions of fact and law common to the class which predominate over any questions affecting only individual members, namely whether Defendants are liable for failure to pay Plaintiffs and other members of the putative class at least the statutory New York minimum wage, whether tipped or untipped, for all hours worked; whether Defendants are liable for failure to pay Plaintiffs and other members of the putative class time-and-a-half for hours worked each week in excess of forty; whether Defendants are liable for failure to pay Plaintiffs and other members of

the putative class for failure to pay Plaintiffs and other members of the putative class one additional hour of pay at the basic minimum hourly rate on those days when their spread of hours exceeded ten; for failure to provide to Plaintiffs and other members of the putative class, within ten business days of the commencement of their respective employments, a written notice containing the information enumerated in NYLL § 195(1)(a); and for failure to provide to Plaintiffs and other members of the putative class, with every payment of wages, accurate written statements containing the information required by NYLL § 195(3).

96.     This litigation is properly brought as a class action because Plaintiffs' claims are typical of the claims of the members of the class, inasmuch as all such claims arise from Defendants' standard policies and/or practices, as alleged herein. Like all class members, Plaintiffs were damaged by Defendants' common policies of failing to pay proper compensation for all hours worked, and failing to provide timely and accurate notices and statements as required under NYLL §§ 195(1) and 195(3).

97.     Plaintiffs have no interests antagonistic to the interests of the other members of the class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in class action litigation. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the class.

98.     A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

      a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue significant savings to both the Court and the class in litigating the common issues on a classwide instead of on a repetitive individual basis;

      b. Because of the relatively small size of individual class members' claims, class treatment would provide economies of scale that will enable this case to be litigated on a cost-effective basis, when compared with repetitive individual litigation; and

c. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

99. Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede the ability of those other parties to protect their interests.

100. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents FLSA and NYLL claims of a type that have often been prosecuted on a classwide basis, and the class may be easily identified, and any recovery may be easily provided to its members, using Defendants' records.

## COUNT I: INDIVIDUAL FLSA VIOLATIONS

*29 U.S.C. §§ 206(a)(1)(C), 216(b) - Failure to Pay Minimum Wage*

101. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

102. At all relevant times, Defendants together constituted a single integrated enterprise that was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

103. Alternatively, Defendants were associated and joint employers within the meaning of the FLSA

104. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

105.     At all relevant times, Plaintiffs were non-exempt employees of Defendants within the meaning of the FLSA.

106.     At all relevant times, Plaintiffs were engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

107.     29 U.S.C. § 206(a)(1)(C) provides that

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce … not less than … $7.25 an hour ….

108.     As set forth above, Defendants failed at times to pay Plaintiffs Lima and Mejia at least the federal statutory minimum wage for all hours worked.

109.     Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

110.     Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

111.     As a result of the foregoing, Plaintiffs were illegally denied proper compensation earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II: INDIVIDUAL FLSA VIOLATIONS

*29 U.S.C. §§ 207, 216(b) - Failure to Pay Overtime Wages*

112.     Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

113. At all relevant times, Defendants together constituted a single integrated enterprise that was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

114. Alternatively, Defendants were associated and joint employers within the meaning of the FLSA

115. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

116. At all relevant times, Plaintiffs were non-exempt employees of Defendants within the meaning of the FLSA.

117. At all relevant times, Plaintiffs were engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

118. 29 U.S.C. § 207(a)(1) provides, in pertinent part, that

no employer shall employ any of his employees who in any workweek … is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which he is employed.

119. Plaintiffs generally worked over forty hours per week.

120. Defendant failed to pay Plaintiffs at one and one-half times their respective regular rates of pay for all hours they worked each week in excess of forty, as required under the FLSA.

121. Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

122. Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

123. As a result of the foregoing, Plaintiffs were illegally denied proper compensation earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT III: INDIVIDUAL NYLL VIOLATIONS

*NYLL § 652 - Failure to Pay Minimum Wages*

124. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

125. At all relevant times, Defendants employed Plaintiffs within the meaning of the NYLL.

126. At all relevant times, Plaintiffs were non-exempt employees of Defendants within the meaning of the NYLL.

127. NYLL § 652 provides, in pertinent part, that

Every employer shall pay to each of its employees for each hour worked a wage of not less than:
…
$8.00 on and after December 31, 2013,
$8.75 on and after December 31, 2014,
$9.00 on and after December 31, 2015….

128. As set forth above, Defendants failed at times to pay Plaintiffs Lima and Mejia at least the New York statutory minimum wage for all hours worked.

129. Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

130. A six-year statute of limitation applies to each such violation pursuant to NYLL §§ 198(3), 663(3).

131.    As a result of the foregoing, Plaintiffs were illegally denied proper compensation earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to NYLL §§ 198(3), 663(3).


## COUNT IV: INDIVIDUAL NYLL VIOLATIONS

*NYCRR § 142-2.2 - Failure to Pay Overtime Wages*

132.    Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

133.    At all relevant times, Defendants employed Plaintiffs within the meaning of the NYLL.

134.    At all relevant times, Plaintiffs were non-exempt employees of Defendants within the meaning of the NYLL.

135.    12 NYCRR § 142-2.2 provides that "An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in" the FLSA.

136.    Plaintiffs worked over forty hours per week for virtually every week of their respective terms of employment.

137.    Defendants failed to pay Plaintiffs time-and-a-half for all hours worked each week in excess of forty, as required under the NYLL.

138.    Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

139.    A six-year statute of limitation applies to each such violation pursuant to NYLL §§ 198(3), 663(3).

140.    As a result of the foregoing, Plaintiffs were illegally denied proper compensation earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to NYLL §§ 198(3), 663(3).


**COUNT V: INDIVIDUAL NYLL VIOLATIONS**

*NYCRR § 142-2.4 - Failure to Pay Spread-of-Hours Compensation*

141.    Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

142.    At all relevant times, Defendants employed Plaintiffs within the meaning of the NYLL.

143.    At all relevant times, Plaintiffs were non-exempt employees of Defendants within the meaning of the NYLL.

144.    12 NYCRR § 142-2.4 provides, in pertinent part, that

An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which … the spread of hours exceeds 10 hours ….

145.    12 NYCRR § 142-2.18 provides that "The spread of hours is the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty."

146.    Plaintiffs frequently worked more than ten hours per day.

147. Defendants failed to pay Plaintiffs one additional hour of pay at the basic minimum hourly rate on those days when their spread of hours exceeded ten, as required under the NYLL.

148. Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

149. A six-year statute of limitation applies to each such violation pursuant to NYLL §§ 198(3), 663(3).

150. As a result of the foregoing, Plaintiffs were illegally denied proper compensation earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to NYLL §§ 198(3), 663(3).


## COUNT VI: INDIVIDUAL NYLL VIOLATIONS

*NYLL § 195(1)(a) - Failure to Provide Written Pay Notice*


151. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

152. At all relevant times, Defendants employed Plaintiffs within the meaning of the NYLL.

153. At all relevant times, Plaintiffs were non-exempt employees of Defendants within the meaning of the NYLL.

154. NYLL § 195(1)(a) provides that "Every employer shall":

provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

155.    Defendants failed *ever* to provide Plaintiffs a written notice, in English and in Spanish, containing the information enumerated in NY CLS Labor § 195(1)(a).

156.    A six-year statute of limitation applies to each such violation pursuant to NYLL §§ 198(3), 663(3).

157.    Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

158.    As a result of the foregoing, Plaintiffs are entitled to recovery of statutory penalties, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NYLL § 198(1-b).


## COUNT VII: INDIVIDUAL NYLL VIOLATIONS

*NYLL § 195(3) - Failure to Provide Written Pay Statements*

159.    Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

160.    At all relevant times, Defendants employed Plaintiffs within the meaning of the NYLL.

161.    At all relevant times, Plaintiffs were non-exempt employees of Defendants within the meaning of the NYLL.

162.    NY CLS Labor § 195(3) provides that "Every employer shall":

furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

163.    Defendants failed to provide Plaintiffs, with every payment of wages, accurate statements listing the information required under NYLL § 195(3).

164.    A six-year statute of limitation applies to each such violation pursuant to NYLL §§ 198(3), 663(3).

165.    Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

166.    As a result of the foregoing, Plaintiffs are entitled to recovery of statutory penalties, prejudgment interest, costs, and reasonable attorney's fees pursuant to NYLL § 198(1-b).


## COUNT VIII: COLLECTIVE FLSA VIOLATION

*29 U.S.C. §§ 206(a)(1)(C), 216(b) - Failure to Pay Minimum Wage*
*29 U.S.C. §§ 207, 216(b) - Failure to Pay Overtime Wages*

167.    Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

168.    At all relevant times, Defendants together have constituted a single integrated enterprise that was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

169.    Alternatively, Defendants have been associated and joint employers of Plaintiffs and members of the putative collective within the meaning of the FLSA.

170.     At all relevant times, Defendants employed Plaintiffs and members of the putative collective within the meaning of the FLSA.

171.     Plaintiffs and members of the putative collective are non-exempt employees within the meaning of the FLSA.

172.     Defendants failed to pay Plaintiffs and the members of the putative collective at least the federal statutory minimum wage for all hours worked, as required under the FLSA.

173.     Defendants failed to pay Plaintiffs and the members of the putative collective time-and-a-half for all hours worked each week in excess of forty, as required under the FLSA.

174.     Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

175.     Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

176.     As a result of the foregoing, Plaintiffs and members of the putative collective were illegally denied proper compensation earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT IX: CLASS NYLL VIOLATIONS

*NYLL § 652 - Failure to Pay Minimum Wage*
*NYCRR § 142-2.2 - Failure to Pay Overtime Wages*
*NYCRR § 142-2.4 - Failure to Pay Spread-of-Hours Compensation*
*NYLL § 195(1)(a) - Failure to Provide Written Pay Notice*
*NYLL § 195(3) - Failure to Provide Written Pay Statements*

177.     Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

178.    At all relevant times, Defendants employed Plaintiffs and members of the putative class within the meaning of the NYLL.

179.    Plaintiffs and members of the putative class are non-exempt employees within the meaning of the NYLL.

180.    Defendants failed to always pay Plaintiffs and members of the putative class at least the New York statutory minimum wage for all hours worked.

181.    Defendants failed to pay Plaintiffs and the members of the putative class time-and-a-half for all hours worked each week in excess of forty, as required under the NYLL.

182.    Defendants failed to pay Plaintiffs and the members of the putative class one additional hour of pay at the basic minimum hourly rate on those days when their spread of hours exceeded ten, as required under NYCRR § 146-1.6.

183.    Defendants failed to provide Plaintiffs and all other similarly situated employees, within ten business days of the commencement of their respective employments, a written notice containing the information enumerated in NYLL § 195(1)(a).

184.    Defendants failed to provide to Plaintiffs and all other similarly situated employees, with every payment of wages, written statements containing the information required by NYLL § 195(3).

185.    Defendants' conduct and/or practices, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

186.    A six-year statute of limitations applies to each such violation, pursuant to NYLL §§ 198(3), 663(3).

187.    As a result of the foregoing, Plaintiffs and the members of the putative class were illegally denied proper compensation earned, in such amounts to be determined at trial, and are

entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees, statutory penalties, and other compensation pursuant to NYLL §§ 198(3), 663(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, and related regulations.

(B) A declaratory judgment that Defendants' wage practices alleged herein violate the NYLL and the NYCRR.

(C) An order requiring Defendants to end all of the practices alleged herein to be illegal under the FLSA, the NYLL, and related laws and regulations.

(D) An order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiffs and all members of the putative collective and the putative class.

(E) Judgment for damages for all unpaid compensation pursuant to 29 U.S.C. § 216(b).

(F) Judgment for liquidated damages pursuant to 29 U.S.C. § 216(b) in an amount equal to all unpaid compensation owed to Plaintiffs and all members of the putative collective during the applicable statutory period.

(G) Judgment for any and all damages available to Plaintiffs and all members of the putative class under the NYLL and NYCRR.

(H) Judgment for liquidated damages in an amount equal to all unpaid compensation owed to Plaintiffs and all members of the putative class during the applicable statutory period pursuant to the NYLL and NYCRR.

(I) Judgment of $5,000 for each Plaintiff, pursuant to NYLL § 198 1-b, for Defendants' willful and continuing violation of NYLL § 195(1) with respect to each Plaintiff.

(J) Judgment for each member of the putative class, in amounts to be determined at trial, for Defendants' willful and continuing violations of NYLL § 195(1) with respect to each member of the putative class.

(K) Judgment of $5,000 for each Plaintiff, pursuant to NYLL § 198 1-d, for Defendants' willful and continuing violation of NYLL § 195(3) with respect to each Plaintiff.

(L)     Judgment for each member of the putative class, in amounts to be determined at trial, for Defendants' willful and continuing violations of NYLL § 195(3) with respect to each member of the putative class.

(M)     An Incentive Award for each Plaintiff.

(N)     Judgment for any and all other recovery to which Plaintiffs and all members of the putative collective and the putative class may be entitled.

(O)     An order directing Defendants to pay Plaintiffs and all members of the putative collective and the putative class prejudgment interest, reasonable attorney's fees and all costs connected with his action.

(P)     Such other and further relief as this Court may deem necessary, just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on

all questions of fact raised by the Complaint.

Dated: January 26, 2017                          Respectfully submitted,
Jersey City, New Jersey

                                                 **JTB LAW GROUP, LLC**

                                                 Patrick S. Almonrode
                                                 *patalmonrode@jtblawgroup.com*
                                                 Jason T. Brown
                                                 *jtb@jtblawgroup.com*
                                                 155 2nd Street, Suite 4
                                                 Jersey City, NJ 07302
                                                 (877) 561-0000 (office)
                                                 (855) 582-5297 (fax)

                                                 *Attorneys for Plaintiffs*