

155 2nd STREET, SUITE 4 • JERSEY CITY, NEW JERSEY 07302 • TEL (877) 561-0000 • FAX (855) JTB-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

*via ECF*

Judith C. McCarthy, U.S.M.J.
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

November 27, 2017

Re: *Lima v. Jonmaros Food Corp., et al.*, No. 7:17-cv-617 (NSR)(JCM)

Your Honor,

The undersigned represents Plaintiffs Salvador Lima, Jorge Mejia, and Carlos Lopez in the above-captioned action. Mathew Paulose, Jr. and Jasmine Guadalupe, counsel for Defendants Jonmaros Food Corp., John Argyros, and Maria Argyros have reviewed this letter-motion and consent to its filing.

The Parties in this action hereby respectfully request the Court's approval of their proposed agreement (the "Agreement"), attached as **Exhibit A** to the undersigned's accompanying declaration ("Almonrode Decl."). The Agreement provides for a payment to Plaintiffs of fifty thousand dollars ($50,000), including attorneys' fees and costs. For the reasons set forth below, the Parties submit that the Agreement is fair and reasonable, and that Court approval is therefore warranted. The settlement was obtained with the help of the Court's mediation program.

## BACKGROUND

Plaintiffs Salvador Lima and Jorge Mejia filed this action on January 26, 2017, asserting individual and collective claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and individual and class claims under N.Y. Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, and Article 19 §§ 650 *et seq*. Plaintiffs allege that Defendants failed to pay them at least minimum wage for all hours worked; failed to pay them at time-and-a-half for hours worked in excess of forty in a week; failed to pay "spread-of-hours" pay; and failed to provide the notices required under NYLL Article 6 § 195(1) and NYCRR § 142-2.7.

Plaintiff Carlos Lopez opted into the action on September 1, 2017, by filing his consent to sue pursuant to 29 U.S.C. § 216(b). No others joined the action, and Plaintiffs did not move for conditional certification of an FLSA collective or an NYLL class.

Based on Plaintiffs' recollections, counsel calculated their actual damages (including penalties, but *excluding* liquidated damages and attorney fees and expenses) as follows:

|  |  |
|---|---|
| Lima | $36,043.30 |
| Mejia | $68,883.30 |
| Lopez | $89,934.34 |
| **Total** | **$194,860.94** |

*See also* **Exhibit B** to Almonrode Decl. This calculation was shared with Defendants' counsel.

Defendants assert that they are not liable to Plaintiffs for either the damages or the statutory penalties claimed. It is the defendants' position that plaintiffs worked a maximum of only 60 hours per week and, as such, Plaintiff Salvador Lima was paid *more* than what was owed to him by law and Jorge Mejia may have been owed only about $5,000 in wages. Defendants also assert that Mejia only worked five days a week rather than six. With respect to Plaintiff Carlos Lopez, because he joined the action just two weeks prior to mediation, very little discovery had been exchanged about his claims. Defendants nevertheless assert the same arguments against him – that testimony would have revealed that he worked fewer hours and fewer days than he claimed. Finally, with respect to all Plaintiffs, Defendants dispute Plaintiffs' overall calculations because, according to Defendants, the wrong minimum wage rates were used for their damage calculations. In sum, Defendants would have mounted a strenuous defense. However, to avoid the burden, expense, uncertainty, and delay of a trial, the Parties agreed to mediate the dispute and, with the help of mediator Pamela R. Esterman, Esq., ultimately arrived at a settlement of all claims. The Parties agreed that Defendants would pay a total of $50,000. Payments are to be made in 24 monthly installments, as described in § 1(a) of the Agreement.

By separate agreement with their counsel, Plaintiffs will allocate Defendants' payment as follows:

|  |  |
|---|---|
| Lima | $7,126.38 |
| Mejia | $13,893.00 |
| Lopez | $18,380.62 |
| *subtotal to Plaintiffs* | *$39,400.00* |
| Attorney expenses | $600.00 |
| Attorney fees | $10,000.00 |
| *subtotal to Attorneys* | *$10,600.00* |
| **Grand Total** | **$50,000.00** |

All Parties signed the Agreement on or before October 29. Pursuant to § 1(b) of the Agreement, Plaintiffs' counsel has provided to Defendants' counsel an executed Notice of Voluntary Dismissal. *See* Exhibit A to the Agreement.

2

## **THE AGREEMENT SHOULD BE APPROVED**

The Parties represent to the Court that the Agreement: (1) is fair and equitable to all Parties; (2) reasonably resolves a bona fide dispute between the Parties; (3) is the result of arms-length bargaining between counsel for the Parties; (4) contains monetary consideration for the Plaintiffs that is both substantively fair and acceptable to the Plaintiffs; and (5), together with the Notice of Dismissal (once filed), discontinues the action. The Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims, in exchange for the consideration set forth in the Agreement.

**The Standard**

"FLSA suits cannot be privately settled. In keeping with [the] FLSA's purpose of ensuring workers 'a fair day's pay for a fair day's work,' a settlement in an FLSA case must be approved either by a court or by the Department of Labor." *Villalva-Estrada v. SXB Rest. Corp.*, 14-cv-10011 (AJN), 2016 U.S. Dist. LEXIS 43609, *2-3 (S.D.N.Y. Mar. 20, 2016) (approving individual settlement). "A district court may approve an FLSA settlement between private litigants when the settlement is reached as a result of contested litigation to resolve bona fide disputes. In deciding whether to approve the settlement the court must scrutinize the agreement for fairness. If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Kopera v. Home Depot U.S.A., Inc.*, 09 Civ. 8337 (WHP), 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) (approving individual FLSA settlement) (internal citations and quotation marks omitted; citing and quoting *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08 Civ. 8713 (PGG), 2010 U.S. Dist. LEXIS 18913, at *15-16 (S.D.N.Y. Mar. 3, 2010)).

In deciding whether to approve an FLSA settlement, "a court should consider the totality of the circumstances." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

> As a number of courts have recognized … the most significant factors include:
>
> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.
>
> Conversely, factors which weigh *against* finding a settlement fair and reasonable include:
>
> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Boyle v. Robert M. Spano Plumbing & Heating, Inc.*, No. 15-CV-2899 (KMK), 2016 U.S. Dist. LEXIS 56126, at *3-5 (S.D.N.Y. Apr. 27, 2016) (approving individual settlement) (citations omitted; citing *Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043, 2016 U.S. Dist. LEXIS 49286, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (same); *Garcia v. Jambox, Inc.*, No. 14-CV-3504, 2015 U.S. Dist. LEXIS 61298, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (same)).

Of course, "[w]hen an FLSA settlement includes an allotment of attorney's fees, the court must also evaluate the reasonableness of the fees. This ensures that the agreement is not influenced by conflicts between the interests of counsel and the plaintiff's interest in obtaining the best possible recovery." *Calle v. Elite Specialty Coatings Plus, Inc.*, 13-CV-6126 (NGG) (VMS), 2014 U.S. Dist. LEXIS 164069, at *4 (E.D.N.Y. Nov. 21, 2014). "[T]here is a greater range of reasonableness for approving attorney's fees in an individual action where the parties settled on the fee through negotiation." *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08-CV-4377 (KAM), 2010 U.S. Dist. LEXIS 60985, at *15 (E.D.N.Y. May 17, 2010).

Finally, "there is generally a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Boyle*, 2016 U.S. Dist. LEXIS 56126, at *3-5 (internal quotation marks omitted; quoting *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); citing *Matheis v. NYPS, LLC*, No. 13-CV-6682, 2016 U.S. Dist. LEXIS 16366 (S.D.N.Y. Feb. 4, 2016) (same); *Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 U.S. Dist. LEXIS 151144 (S.D.N.Y. Nov. 6, 2015) (same); *Martinez v. Hilton Hotels Corp.*, No. 10-CV-7688, 2013 U.S. Dist. LEXIS 117738 (S.D.N.Y. Aug. 20, 2013) (same)).

**The Agreement is Fair and Reasonable, and Should be Approved**

Although Defendants continue to deny Plaintiffs' allegations, all Parties wish to avoid the burden, expense, and delay of a trial, and so acknowledge their shared desire for a prompt settlement. *See Goett v. VI Jets Int'l, Inc.,* 14cv8256 (MHD), 2015 U.S. Dist. LEXIS 77263 (S.D.N.Y. Apr. 22, 2015) (approving individual settlement "reflecting the legitimate concerns of both sides to avoid time-consuming and potentially expensive litigation burdens, as well as plaintiff's desire to put this matter behind him"); *see also Reyes v. Buddha-Bar NYC,* No. 08 Civ. 2494, 2009 U.S. Dist. LEXIS 45277, at *8 (S.D.N.Y. May 28, 2009) (approving settlement and noting that "the value of an immediate recovery" can outweigh "the mere possibility of further relief" after continued litigation) (class settlement).

The settlement resolves only individual claims,[1] lessening somewhat the need for the Court to scrutinize the settlement closely. *See Kopera*, 2011 U.S. Dist. LEXIS 71816, at *3 ("[B]ecause the settlement agreement impacts [the individual plaintiff] only … there is not the same level of concern over the procedural and substantive fairness of the agreement as with the settlement of class litigation.").

---

[1] As noted, no others joined the action, and Plaintiffs did not move for conditional certification of an FLSA collective or an NYLL class.

The Parties respectfully suggest that all of the non-exclusive factors set out by Judge Karas in *Boyle* should incline the Court towards approval of the Agreement – or, at the very least, that none of the factors that might militate *against* approval are present.

### *The Plaintiffs' range of possible recovery*

Here, Plaintiffs calculated their total actual damages (including NYLL penalties) at $194,860.94. *See* **Exhibit B** to Almonrode Decl. Defendants contest Plaintiffs' recollections as to the total hours they worked per week, and also contest the periods during which Plaintiffs claim to have worked. Defendants, however, have produced no time or payroll records with which to counter Plaintiffs' recollections – and, where an employer's records are "inaccurate or inadequate, an employee need only present 'sufficient evidence to show the amount and extent of [the uncompensated work] as a matter of just and reasonable inference.'" *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). "[A]n employee's burden in this regard is not high. It is well settled among the district courts of this Circuit, and we agree, that it is possible for a plaintiff to meet this burden through estimates based on his own recollection." *Id.* (internal citations omitted). *See also, e.g., Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176 (PAE), 2016 U.S. Dist. LEXIS 75430, at *88-89 (S.D.N.Y June 9, 2016) (finding that plaintiffs had "met their burden [on summary judgment], including by 'just and reasonable inference,' … through their declarations and live testimony as to their recollections of their hours worked").

Here, no depositions were taken and no interrogatories were ever served on Plaintiffs; however, Plaintiffs assert that they could and would have testified to having worked as many as 72 hours per week for a flat weekly amount that, at times, resulted in an effective hourly rate that was less than minimum wage, and that they received neither spread-of-hours pay nor any of the notices required under the NYLL. If the case had proceeded to trial and their testimony had been fully credited, Plaintiffs together might have recovered as much as $194,860.94 in actual damages. Had their testimony only been partially credited, however – that is, if a jury had not found it "just [or] reasonable" to infer that Plaintiffs had worked so many hours – their recovery could have been substantially less. And of course, it is possible that a jury might not have believed Plaintiffs at all and consequently might have awarded them nothing.

Counsel has calculated Plaintiffs' potential liquidated damages at $182,333.57 altogether, without "stacking."[2] This is, however, a speculative amount – while liquidated damages are commonly awarded they are by no means certain. *See*, *e.g.*, *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) ("[D]istrict courts [have] discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith.'" (citing 29 U.S.C. § 260)); *Burgos v. San Miguel Transp., Inc.*, 16 Civ. 5929 (PAE), 2016 U.S. Dist. LEXIS 166248, at *6 (S.D.N.Y. Dec. 1, 2016) (same).In addition to the range of a plaintiff's recovery, a court should consider a defendant's ability to *pay* that recovery. Concerns about collectability generally weigh in favor of settlement, even where the settlement amount is a relatively small fraction of the maximum that plaintiff could obtain at

---

[2] This amount is not equal to actual damages, because it represents a combination of FLSA liquidated damages for the most recent years, and NYLL damages for the more-distant years. As the Court is aware, NYLL liquidated damages were set at only 25% of actual damages until April 1, 2011.

5

trial. *See, e.g., Howard v. Don Coleman Adver. Inc*., No. 16-CV-5060 (JLC), 2017 U.S. Dist. LEXIS 28080 (S.D.N.Y. Feb. 28, 2017) (finding that a plaintiff's "serious concerns about collectability … militates [*sic*] in favor of finding a settlement reasonable") (quoting *Lliguichuzhca*, 948 F. Supp. 2d at 365). Here, Defendants' counsel have represented that if required to pay any amount approaching Plaintiffs' full claims, Defendants would likely have to shutter their business. Plaintiffs accepted these representations, as did the mediator.

Under the Agreement, Plaintiffs together will personally receive $39,400 – a little more than 20% of their estimated actual damages. Given the uncertainties that Plaintiffs would face at trial and the burden and expense of *getting to* trial, and given the difficulty Defendants would have in withstanding a larger judgment, the Parties submit that this factor weighs in favor of approval. In fact, where similar considerations have been present, federal courts in New York have approved settlements where the plaintiff received a similarly small fraction of his or her estimated maximum possible recovery. *See*, *e.g.*, *Guallpa v. M & G Tapas Rest. Corp*., 16 Civ. 08950 (ER), 2017 U.S. Dist. LEXIS 166302, *3 (Oct. 4, 2017) (finding settlement reasonable where plaintiff received 13.3% of estimated maximum possible recovery); *Cortes v. New Creators, Inc*., 15 Civ. 5680 (PAE), 2016 U.S. Dist. LEXIS 79757, at *7-8 (S.D.N.Y. June 20, 2016) (approving settlement where some individual plaintiffs obtained only 11% of their estimated maximum possible recoveries); *Penafiel v. Rincon Ecuatoriano, Inc.*, 15 Civ. 112 (PAE), 2015 U.S. Dist. LEXIS 160352 (S.D.N.Y. Nov. 30, 2015) (approving settlement where three named plaintiffs received *only 4.0%* of their estimated maximum recovery; noting "serious concerns about collectability," and that "the range of possible recovery is only one factor relevant to settlement approval").

### *The extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses, and the seriousness of the litigation risks faced by the parties*

As mentioned earlier, no depositions have been taken in this case. Thus, settlement at this point saves considerable burden and expense, especially since an interpreter would be required if the Plaintiffs' depositions were to be taken.[3] This weighs in favor of approval. *See*, *e.g.*, *Calderon v. Congee Place, Inc*., 15-CV-2402 (DLI) (LB), 2016 U.S. Dist. LEXIS 53768, at *7 (E.D.N.Y. Apr. 20, 2016) ("Neither party will incur the additional expense of attorneys' fees, the cost of depositions and interpreters, or any other cost of litigation. The immediate resolution of the action at an early stage weighs in favor of approving the Agreement.").

### *Whether the settlement agreement is the product of arm's-length bargaining between experienced counsel, and the possibility of fraud and collusion*

As further explained in the Almonrode Decl., Plaintiffs' counsel are experienced attorneys with considerable expertise in FLSA cases. Mr. Almonrode is admitted to practice in New York State, the Eastern and Southern Districts of New York, and the District of Colorado, and is or has been counsel of record in more than twenty such matters. Mr. Brown, the managing

---

[3] The first language of the Plaintiffs is Spanish. Plaintiffs' lead counsel speaks Spanish as a second language, and was assisted at the mediation by a member of his office staff whose first language is Spanish. However, for any depositions – let alone a trial – certified interpreters would be required.

6

partner of the firm, is admitted to practice in several states and numerous federal District Courts, and has twenty years' experience handling FLSA cases.

Defense counsel is similarly experienced. Mathew Paulose, Jr. was the lead attorney for Defendants in this matter. He has been practicing law for nearly 20 years and is currently a Member of the law firm of Paulose & Associates PLLC. He holds law degrees from both Fordham University Law School and New York University Law School. He works in all areas of litigation, including employment litigation. He has litigated more than 100 cases in the federal courts of New York, including the Second Circuit Court of Appeals. He has published several articles, including for the New York Law Journal and the New York State Bar. He has been quoted in several newspapers and magazines, including the New York Times, the Wall Street Journal, and Forbes.com. He has given various lectures, including those on employment issues. Finally, he is a hearing officer for the State of New York and a member of the pre-qualified list of attorneys for New York's Urban Development Corporation.

Finally, the mediator Pamela R. Esterman, who was chosen for this case by the Court's Mediation Office, is a principal at Sive, Paget & Riesel P.C. She is an experienced mediator, having mediated over 200 cases in federal and state court. She serves as a court appointed mediator for the United States District Courts for the Southern and Eastern Districts of New York and the District of New Jersey, and the Supreme Court of New York, Commercial Division.

Counsel negotiated the Agreement at arm's length, with the assistance of the mediator. Counsel affirm that the Agreement is not tainted by fraud or collusion.

### *The desirability of a mature record*

Although no depositions have been taken, the record in this matter is adequate to allow the Parties to fairly assess the strengths and weaknesses of their positions. *Cf. Beckert*, 2015 U.S. Dist. LEXIS 167052 at *4-5. This weighs in favor of approval. *Cf. Wolinsky*, 900 F. Supp. 2d at 336 (noting that *lack* of "a mature record" could "weigh against approving a settlement"). Defendants answered written interrogatories, and made their position clear via their attorneys in numerous telephone conferences with Plaintiffs' counsel – and at the mediation itself. Thus, the Parties entered into the Agreement at a point where each was able to make a reasonable cost/benefit analysis. This factor weighs strongly in favor of approval.

Given all of the factors recited above and under "the totality of the circumstances," *Wolinsky*, 900 F. Supp. 2d at 335, the Parties respectfully request Court approval of the award to Plaintiffs under the Agreement.

### **The Award to Plaintiffs' Counsel Should Also be Approved**

As is typical in FLSA cases, the attorneys' fees requested here "were entirely contingent upon success." *See Damassia v. Duane Reade, Inc.*, 04 Civ. 08819 (GEL); 04 Civ. 02295 (GEL), 2009 U.S. Dist. LEXIS 77489, at *9 (S.D.N.Y. July 27, 2009) (class settlement). Counsel "risked time and effort and advanced costs and expenses, with no ultimate guarantee of [any] compensation" whatsoever. *Id.*

Attorneys' fees may be calculated as a percentage of the overall recovery, or as "the product of a reasonable hourly rate [for each timekeeper] and the reasonable number of hours" expended by that timekeeper on the case – the so-called "lodestar." *Flores v. Food Express Rego Park, Inc.*, No. 15-CV-1410 (KAM) (SMG), 2016 U.S. Dist. LEXIS 11351, at *6-7 (citing *McDaniel v. Cty of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010)).

The percentage method promotes early resolution by giving a plaintiff's lawyer confidence that he will be compensated for his work – and thereby removing an incentive a plaintiff's lawyer might otherwise have to run up his billable hours, "one of the most significant downsides of the [alternative] lodestar method." *Johnson v. Brennan*, 10 Civ. 4712 (CM), 2011 U.S. Dist. LEXIS 105775, at *41-42 (S.D.N.Y. Sept. 16, 2011) (class settlement). The percentage method also preserves judicial resources, "because it relieves the court of the cumbersome, enervating, and often surrealistic process of evaluating fee petitions" and of having "to engage in a gimlet-eyed review of line-item fee audits." *Id.,* at *43 (citing *Goldberger v. Integrated Res. Inc.,* 209 F.3d 43, 48-49 (2d Cir. 2000) (class settlement)). Even so, courts typically compare a percentage award to counsel's lodestar-plus-expenses as a "cross check." *Id.*, at *43-44.

Here, counsel will receive $10,600, which is less than one-quarter (21.2%) of the total settlement amount, even though fees in the range of one-third (33.3%) of the total are "routinely approved by courts in this Circuit," *Rangel v. 639 Grand St. Meat & Produce Corp.* 2013 U.S. Dist. LEXIS 134207, at *4 (Sept. 19, 2013) (approving one-third fee arrangement in an individual settlement),[4] and even though the retainer agreement between Plaintiff and counsel specifies that counsel are entitled to *the greater of* one-third of clients' net award *or* counsel's lodestar plus expenses.

Here, the lodestar-plus-expenses figure for Plaintiffs' counsel is $18,694.54, comprised of $18,210 in fees and $484.54 in expenses.[5] *See* **Exhibit C** to the Almonrode Decl. Thus, the $10,600.00 awarded to Plaintiff's counsel under the Agreement is slightly more than half (56.7%) of counsel's actual lodestar plus expenses.

**Patrick S. Almonrode** was the primary timekeeper on this matter. Mr. Almonrode is an associate at the JTB Law Group, a 2004 *cum laude* graduate of Fordham Law School, and a former clerk to the Hon. Barbara S. Jones, USDJ-SDNY (now in private practice). *See* Almonrode Decl. Mr. Almonrode's time is billed at $350 per hour, which is within the range of reasonable hourly rates for senior associates in this district. *See Siegel v. Bloomberg L.P.*, No. 13 Civ. 1351 (DF), 2016 U.S. Dist. LEXIS 38799 (S.D.N.Y. Mar. 22, 2016) (collecting cases and noting prevailing rates of $285 to $350 for associates with more than eight years' experience).

Mr. Almonrode was the lead attorney for Plaintiffs on this case; he was the author of the complaint, discovery requests and responses; and he attended all in-person and telephonic

---

[4] *See also Calle,* 2014 U.S. Dist. LEXIS 164069, at *4 (same); *Meigel v. Flowers of the World, NYC, Inc.*, 11 Civ. 465 (KBF), 2012 U.S. Dist. LEXIS 2359 (S.D.N.Y. Jan. 9, 2012) (same).

[5] These numbers include time and expenses through October 29, 2017, the last date on which any Party executed the Agreement, and they reflect the exercise of billing judgment. The numbers also do not include time spent preparing the instant motion.

conferences in the case, as well as the mediation itself. Plaintiffs submit that the 49.2 hours Mr. Almonrode expended on these various tasks were necessary and reasonable.

**Jason T. Brown**, principal of the JTB Law Group, was the second attorney-timekeeper for Plaintiffs on this matter. Mr. Brown obtained his J.D. in 1996 from Rutgers School of Law-Camden. Mr. Brown has more than 20 years of experience litigating FLSA cases. *See* Almonrode Decl. Mr. Brown's time is billed at $500 per hour for this matter (although he has billed and has been approved for up to $600 per hour), which is within the range of prevailing rates in this district for partners working on FLSA cases. *See Siegel*, 2016 U.S. Dist. LEXIS 38799 (S.D.N.Y. Mar. 22, 2016) (collecting cases and noting prevailing rates of $450 and above for highly experienced counsel); *Coakley v. Webb*, 14 Civ. 8438 (ER), 2016 U.S. Dist. LEXIS 30780, *17 (S.D.N.Y. Mar. 9, 2016) (hourly rate of $575 reasonable for a solo practitioner with 30 years of experience); *Lora v. J.V. Car Wash, Ltd.*, 11 Civ. 9010 (LLS) (AJP), 2015 U.S. Dist. LEXIS 99444, *20 (S.D.N.Y. July 24, 2015) ("recent decisions in this Circuit approve hourly rates of $500 or more for experienced employment litigators").

Mr. Brown was the final decision-maker for Plaintiff's counsel in this matter. He supervised Mr. Almonrode and, as designated trial counsel he kept abreast of all developments in the case. Mr. Brown expended 0.8 hours on these various tasks, which Plaintiffs submit is reasonable.

Two administrative assistants, **Angiee Rosario** and **Tony Teng**, also billed time in this matter. Ms. Rosario attended the mediation, at which she served as an interpreter. Mr. Teng performed various administrative tasks in connection with the case. Both Ms. Rosario and Mr. Teng billed their time at $150 per hour. Plaintiffs submit that their rate and the time they expended are reasonable.

The JTB Law Group also advanced $484.54 in expenses, including the filing fee for the complaint and the fee for service on Defendants, postage, and travel between the courthouse in White Plains and counsel's offices in Jersey City, NJ. Plaintiffs submit these expenses are reasonable. The expenses and the lodestar together add up to $18,694.54 – roughly 1¾ times the *actual* award to counsel under the Agreement.

And of course, by signing the Agreement, Plaintiffs approved the award to their counsel, a fact that certainly favors a finding of reasonableness. *See Mireku v. Red Visions Sys., Inc.*, 11 Civ. 9671 (RA) (JLC), 2013 U.S. Dist. LEXIS 172102, at *10 (S.D.N.Y. Dec. 6, 2013) (approving fee *slightly larger than plaintiff's portion* of the total recovery, noting that "the fee award here is consensual"); *see also Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) (noting that where, as here, there is no evidence of conflict or antagonism between plaintiff and attorney, "the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation").

Given these factors, the Parties respectfully request Court approval of the award to Plaintiffs' counsel.

## **CONCLUSION**

With the assistance of mediator Pamela R. Esterman, the Parties here arrived at a settlement in the total amount of $50,000. This amount takes into account, in particular, (1) the considerable difficulty Defendants would have in paying a larger amount, and (2) the uncertainty that both Parties would face as to damages if the matter were to be tried. Under their negotiated Agreement, Plaintiffs receive $39,400, which is more than two-thirds of the total, and, with Plaintiffs' consent, their counsel are awarded $10,600 for their reasonable fees and expenses – a 42.3% discount from the fees and expenses actually incurred.

For all of the foregoing reasons, the Parties submit that this settlement is equitable and just, and they respectfully request that the Court approve the Agreement.

Respectfully submitted,

Patrick S. Almonrode, Esq.
JTB Law Group, LLC
*Attorneys for Plaintiffs*
