# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SALVADOR LIMA and JORGE MEJIA, on behalf
of themselves and all others similarly situated,

                              Plaintiffs,

    -against-

                                            Docket No. 17CV00617 (NSR)

JONMAROS FOOD CORP. (d/b/a MOHEGAN
DINER), JOHN ARGYROS, MARIA
ARGYROS,

                              Defendants.

------------------------------------------------------------------x

### NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

        Plaintiffs Salvador Lima, Jorge Mejia, and Carlos Lopez (collectively "Plaintiffs") and Defendants Jonmaros Food Corp., John Argyros and Maria Argyros (collectively "Defendants" and together with Plaintiffs, the "Parties") desire to settle and resolve fully all claims that have been or could have been brought against Defendants by Plaintiffs, and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, Plaintiffs' claims against Defendants in the lawsuit captioned *Lima v. Jonmaros Food Corp., et al,* Case No. 17 CV 00617(NSR pending in the United States District Court for the Southern District of New York ("Lawsuit"). Therefore, in consideration of the foregoing, Plaintiffs and Defendants agree as follows:

    1.    **Consideration.** In consideration for Plaintiffs timely signing this Negotiated Settlement Agreement and Release ("Agreement") and complying with the promises made by Plaintiffs contained in this Agreement, including the release and waiver of claims, Defendants agree to provide Plaintiffs with the total settlement sum of Fifty Thousand dollars ($50,000.00) in consideration for and in full satisfaction of all claims Plaintiffs may have against Releasees (as defined below), known or unknown, asserted or unasserted, through the date of their execution of the Agreement. Such payment shall be made as follows:

(a) One check each month, on or before the 1st of such month, for twenty-four (24) months in the amount of Two Thousand Eighty Three Dollars and thirty four cents ($2,083.34) made payable to "JTB Law Group, LLC, as attorneys for Salvador Lima, Jorge Mejia and Carlos Lopez" and sent to JTB Law Group, LLC, 155 2nd Street, Suite 4, Jersey City, NJ 07302.

(b) The first payment will be sent to Plaintiffs' counsel of record, JTB Law Group, LLC, within thirty (30) days of the latest of the following: (i) Defendants' counsel being in

receipt from Plaintiffs of this Agreement executed by Plaintiffs, including a Stipulation and Proposed Order of Final Dismissal with Prejudice of Plaintiffs' Claims in the form attached hereto as Exhibit *"A"* executed by Plaintiff's counsel, along with IRS Forms W-9 executed by Plaintiffs and Plaintiffs' counsel; and (ii) Defendants' counsel being in receipt of notice of the Court's approval of all terms of the Agreement and also in receipt of the Stipulation and Proposed Order of Final Dismissal with Prejudice of Plaintiffs' Claims in the form attached hereto as Exhibit *"A"* signed and entered by the Court.

(c) **Indemnification.** Plaintiffs shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement sum set forth in Paragraph "1" above. Plaintiffs further agree to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against them in connection with the settlement sum described in Paragraph "1" above. Plaintiffs acknowledge that they have not relied on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

2. **No Consideration Absent Execution of this Agreement**. Plaintiffs understand and agree that Plaintiffs would not receive the monies specified in paragraph "1" above, except for Plaintiffs execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of All Claims**. Plaintiffs, their heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants, their parent companies, subsidiaries and affiliated entities, and each of their current and former employees, officers, directors, trustees, administrators, executors, agents, owners (including, without limitation, Defendants John Argyros and Maria Argyros and all entities for which John Argyros and/or Maria Argyros serve as an owner, officer, director or otherwise affiliated), attorneys, insurers, reinsurers, predecessors, successors and assigns, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") of and from any wage and hour claims which he has or may have against Releasees as of the date of Plaintiffs' execution of this agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of the FLSA, NYLL, New York Minimum Wage Orders, and any other claim for unpaid wages or overtime or retaliation for reporting alleged unpaid wages or overtime, including attorneys' fees and costs, based upon any conduct occurring up to and including the date of Plaintiff's execution of this Agreement.

4. **Acknowledgments and Affirmations.** Plaintiffs affirm that Plaintiffs have not filed or caused to be filed, and are not presently a party to any claim against Defendants except for their claims in the Lawsuit, which they agree to the dismissal of with prejudice.

The Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiffs agree that if such an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

5. **Procedure.** After this Agreement and the Stipulation and Proposed Order of Final Dismissal with Prejudice of Plaintiff's Claims ("Stipulation") attached as Exhibit "A" are fully-executed by the Parties and their counsel, subject to Defendants' review of and consent to the motion for judicial approval of the settlement prepared by Plaintiffs counsel, Plaintiffs on behalf of the Parties will submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision.

7. **Breach; Recourse.**

(a) If any payment set forth in Paragraph "1," above, is not received by the JTB Law Group ("JTB") as of its due date, JTB shall promptly notify Defendants John Argyros and Maria Argyros by email to baz5141@gmail.com and by USPS Priority Mail letter prominently marked "Confidential" to Mohegan Diner 1880 E Main St, Mohegan Lake, NY 10547 . **If the payment is not then received by JTB before the end of the tenth business day following the day on which such notification was received by Defendants, all payments then remaining under this Agreement shall become immediately due and payable, and Plaintiffs may immediately commence an action for recovery of all payments then due and for the costs and reasonable fees incurred in bringing such action.**

(b) In order to avoid unnecessary litigation, in the event that one party reasonably believes that the other party has breached any term of this Agreement *other than* Paragraph "1," above, the former shall give the latter ten days' notice prior to commencing any action specifically to enforce the term or terms of this Agreement and/or to seek any damages. The latter party shall have ten days from the date notice is given within which to cure the purported breach. Notice of such breach shall be given by email to counsel.

(c) In the event that a breach of any of the terms of this Agreement is alleged, the parties expressly agree not to cease or delay their ongoing performance of the terms of this Agreement unless and until a court of competent jurisdiction, or an agreed-upon arbitrator or mediator, determines that such breach occurred and causes this Agreement to be null and void.

(d) If a party, by its actions or omissions, waives or excuses, or is adjudged to have waived or excused, any breach of this Agreement, any such waiver shall not operate as a waiver of any other subsequent breach of this Agreement.

(e) Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

    8.    **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishings of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

    9.    **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

    10.    **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

    11.    **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

**PLAINTIFFS ARE HEREBY ADVISED IN WRITING THAT THEY ARE AFFORDED UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH THEIR ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT, WHICH THEY AGREE THAT THEY HAVE DONE.**

**PLAINTIFFS AGREE THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DOES NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUM SET FORTH IN THIS AGREEMENT, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH THEIR ATTORNEY, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS AS STATED HEREIN THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.**

    The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

Dated: 10/25/2017 , 2017        DocuSigned by: *Salvador Lima*
        SALVATORE LIMA
        4CBCEFDD81BA48F...

Dated: _____, 2017      _____
                                 JORGE MEJIA

Dated: 10/27/2017 , 2017         _____
                                 CARLOS LOPEZ
                                 DocuSigned by: [signature] 614D50DE36BA4A8...

Dated: October 23, 2017          _____
                                 JONMAROS FOOD CORP.
                                 By: [signature]

Dated: October 23, 2017          _____
                                 JOHN ARGYROS

Dated: October 23, 2017          _____
                                 MARIA ARGYROS

Dated: October 29, 2017

_____
JORGE MEJIA

Dated: _____, 2017

_____
CARLOS LOPEZ

Dated: October 23, 2017

_____
JONMAROS FOOD CORP.
By:

Dated: October 23, 2017

_____
JOHN ARGYROS

Dated: October 23 2017

_____
MARIA ARGYROS

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

SALVADOR LIMA and JORGE MEJIA, on behalf
of themselves and all others similarly situated,

                                 Plaintiffs,

-against-

                                                    Docket No. 17CV00617 (NSR)

JONMAROS FOOD CORP. (d/b/a MOHEGAN
DINER), JOHN ARGYROS, MARIA
ARGYROS,

                                 Defendants.

----------------------------------------------------------------x

## STIPULATION AND PROPOSED ORDER OF FINAL DISMISSAL WITH PREJUDICE OF PLAINTIFFS' CLAIMS

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs Salvador Lima, Jorge Mejia and Carlos Lopez ("Plaintiffs") and Defendants Jonmaros Food Corp., John Argyros and Maria Argyros (collectively "Defendants"), by and through their undersigned counsel, that the Negotiated Settlement Agreement and Release in this matter having been reviewed by the Court and found to be fair and reasonable, Plaintiffs' claims in the above-captioned action shall be dismissed in their entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and Release.

                                            Respectfully submitted,

| | |
|---|---|
| JTB LAW GROUP, LLC<br>*Attorneys for Plaintiffs*<br>155 2nd Street, Suite 4<br>Jersey City, NJ 07302 | PAULOSE & ASSOCIATES PLLC.<br>*Attorneys for Defendants*<br>5676 Riverdale Avenue, Suite 314<br>Bronx, New York, 10471 |
| By: _____ | By: /s/ Guadalupe |
| Dated: _____, 2017 | Dated: October 25, 2017 |

SO ORDERED on this _____ day of November, 2017.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SALVADOR LIMA and JORGE MEJIA, on behalf
of themselves and all others similarly situated,

                                Plaintiffs,

    -against-

                                                                         Docket No. 17CV00617 (NSR)

JONMAROS FOOD CORP. (d/b/a MOHEGAN
DINER), JOHN ARGYROS, MARIA
ARGYROS,
                               Defendants.

------------------------------------------------------------------x

## STIPULATION AND PROPOSED ORDER OF FINAL DISMISSAL WITH PREJUDICE OF PLAINTIFFS' CLAIMS

      IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs Salvador Lima, Jorge Mejia and Carlos Lopez ("Plaintiffs") and Defendants Jonmaros Food Corp., John Argyros and Maria Argyros (collectively "Defendants"), by and through their undersigned counsel, that the Negotiated Settlement Agreement and Release in this matter having been reviewed by the Court and found to be fair and reasonable, Plaintiffs' claims in the above-captioned action shall be dismissed in their entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and Release.

                                      Respectfully submitted,

| JTB LAW GROUP, LLC | PAULOSE & ASSOCIATES PLLC. |
|---|---|
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| 155 2nd Street, Suite 4 | 5676 Riverdale Avenue, Suite 314 |
| Jersey City, NJ 07302 | Bronx, New York, 10471 |
| By: [signature] | By: _____ |
| Dated: 10/11, 2017 | Dated: _____, 2017 |

SO ORDERED on this _____ day of November, 2017.